# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1092 DMG (JC) | Date | July 13, 2012 |
|---|---|---|---|
| Title | Dr. Orly Taitz, Esq. v. Kathleen Sebelius, Secretary of Health and Human Services, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR LACK OF VENUE

## I. BACKGROUND

On July 5, 2012, plaintiff Dr. Orly Taitz, Esq. ("plaintiff"), who is at liberty and proceeding *pro se*, paid the filing fee and filed a Complaint ("Complaint") against the following defendants: (1) Kathleen Sebelius, Secretary of Health and Human Services; (2) President Barack Obama; (3) Nancy Pelosi, Chair of the 2008 Democratic National Convention; (4) Brian Schatz, 2008 Chair of the Hawaii Democratic Party; (5) Lynn Matusow, 2008 Secretary of the Hawaii Democratic Party; (6) Alvin Onaka, Registrar, Hawaii Health Department; (7) Michael Astrue, Commissioner of the Social Security Administration; (8) Eric Holder, United States Attorney General; (9) William A. Chatfield, former Director of the Selective Service; (10) Alice Travis Germond, Secretary of the 2008 Democratic Nominating Convention; (11) Obama for America; and (12) John Does and Jane Does 1-10. (Complaint at 1-5).

Liberally construed, the Complaint essentially challenges the constitutionality of the Patient Protection and Affordable Care Act – specifically, the so-called "individual mandate" (26 U.S.C. § 5000A). Plaintiff asserts claims of constitutional violations under 42 U.S.C. § 1983, as well as a Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961, *et seq.*) claim predicated upon asserted violations of federal fraud statutes. (Complaint at 8-30). Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. (Complaint at 31-33).

## II. PERTINENT LAW

Federal law provides that a civil action may be brought in –

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1092 DMG (JC) | Date | July 13, 2012 |
|---|---|---|---|
| Title | Dr. Orly Taitz, Esq. v. Kathleen Sebelius, Secretary of Health and Human Services, et al. | | |

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court has authority on its own motion to decide the venue issue and to dismiss the action before a responsive pleading is filed. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

**III.   DISCUSSION AND ORDER TO SHOW CAUSE**

Here, plaintiff fails to state any basis for venue in the Central District of California. First, although the Complaint alleges that venue in this case is based on "FOIA" (the Freedom of Information Act, 5 U.S.C. § 552) and 42 U.S.C. § 1988(a) ("Section 1988(a)"), neither provision is applicable in plaintiff's case. The Complaint does not assert a FOIA claim. Section 1988(a) does not provide any independent basis for venue. Second, the Complaint does not allege the residence of any defendant, much less that any defendant resides in the Central District of California or is otherwise subject to the Court's personal jurisdiction. Finally, it does not appear that any significant portion of the events or omissions that give rise to plaintiff's claims alleged in the Complaint occurred in the Central District of California.

IT IS THEREFORE ORDERED that plaintiff shall show cause in writing, **on or before July 27, 2012,** why this case should not be dismissed for lack of venue.

**Plaintiff is cautioned that the failure to comply with this order and/or to show cause, may result in the dismissal of this action for lack of venue.**

**If, in light of the contents of this Order, plaintiff believes it is appropriate voluntarily to dismiss this federal action (without prejudice to raising her claims in a proper venue), plaintiff may sign and return the attached voluntary dismissal form by July 27, 2012 in lieu of responding to the Order to Show Cause.**

IT IS SO ORDERED.

Attachment

|  | Initials of Deputy Clerk | hr |
|---|---|---|